**AFFIRMED; Opinion Filed August 23, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01092-CR

**PRISCILLA DIANE LONG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80161-2012**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Myers

Appellant Priscilla Diane Long pleaded no contest to aggravated assault against a public servant. The trial court accepted her plea, deferred adjudication of guilt, and placed Long on five years of community supervision. In one issue, she alleges the trial court erred by denying her motion to suppress. We affirm.

### DISCUSSION

In her issue, appellant contends the trial court erred by denying her pretrial motion to suppress because the officers' actions were not reasonable under the emergency doctrine exception to the warrant requirement.

The evidence presented at the suppression hearing showed that Priscilla Diane Long and her husband, Dave, rented a home from Barbara Schneider, a real estate broker. Although the Longs usually paid their rent on time or early, they failed to make a rent payment for the month

of September, 2011. On September 28, 2011, Schneider went to the tenants' home to determine whether they were going to pay their overdue balance or to see if they had begun moving out. Schneider intended to start eviction proceedings against the tenants if they did not pay the past-due amount.

When Schneider rang the doorbell, Long answered. Long "appeared very ill," "[h]er hair was messed up," she was wrapped in an afghan, and she appeared "very kind of lethargic" and gave off the smell of someone who had been in bed for a long time. Schneider asked to speak with Long's husband, with whom she usually dealt. Long said he was "indisposed." Schneider told Long that she was going to have to file the eviction notice the next day, at which point Long began to shut the door on Schneider, but then slumped, fell to the floor, and slammed the door shut. Schneider was concerned and asked through the closed door whether Long was okay. She responded that she was okay and that Schneider should leave. Schneider started to leave, and then turned around and walked back to the door. She asked several times through the closed door if Long was all right, and received no response. Schneider also called Long's husband and left a message that she was worried about his wife. Schneider called 911 because she was concerned about Long's safety and did not know if Long was all right, if she had struck her head while falling, had passed out, or had suffered a heart attack.

McKinney Police Officer Rene Fernandez was the first officer to respond to the call, with Officer Eric Casebolt arriving several minutes later. Officer Fernandez knocked on the tenants' door and Long's husband answered. Fernandez explained that the police were there to do a welfare check on Long, and Long's husband responded that his wife had cancer, had tripped over a blanket, and that she was fine. Schneider, however, never mentioned to the police that Long tripped over a blanket. Schneider told them Long slumped down, fell, and shut the door. Officer Fernandez was concerned and stated that he needed to hear from Long that she was okay, but

Long's husband was, as Fernandez testified, "hesitant" to let the officers check on her. He went up the stairs several times to speak with his wife, but returned each time and reiterated that she did not want any visitors. Officer Fernandez said they were not there to visit with Long; they wanted to check on her welfare. After interacting with Long's husband for ten to fifteen minutes, the officers made it clear they needed to see Long personally, whether she came downstairs or they went up the stairs to see her.

Long's husband escorted the officers upstairs to where his wife was residing. Officer Fernandez agreed that this was not a consensual entry because he told Long's husband he was going to come inside regardless. The officers went up the stairs to the master bedroom, where they saw Long kneeling on the other side of her bed. She was wearing pajamas and looked like she had just been in bed. She asked the officers if they were paramedics. Officer Fernandez—who, like Casebolt, was in uniform—made it clear to Long that he was a police officer, not a paramedic, but that they could call for paramedics if she needed them. Long also wanted to know if the officers had a warrant; they explained that they were there to check on her welfare. She told them to leave. Officer Fernandez turned his head briefly and when he looked back Long pulled out a Beretta 9 mm handgun, pointed it at Officer Fernandez's face, and screamed at the officers to get out her house.

Long was subsequently indicted for aggravated assault against a public servant. The indictment alleged that, on or about September 28, 2011, in Collin County, Texas, Long did:

> then and there intentionally and knowingly threaten Rene Fernandez with imminent bodily injury by pointing a firearm at Rene Fernandez, and did then and there use and exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault, and the defendant did then and there know that the said Rene Fernandez was then and there a public servant, to-wit: a Police Officer employed by the City of McKinney Police Department, and that the said Rene Fernandez was then and there lawfully discharging an official duty, to-wit: welfare check on the said defendant[.]

*See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B).

The day after the suppression hearing, the trial court notified the parties by letter that the motion to suppress was denied. The trial court did not make findings of fact and conclusions of law.

We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). A trial court's determination of historical facts is afforded almost total deference when those facts are supported by the record, but all purely legal questions and all application-of-law-to-established-facts questions are reviewed de novo. *State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011). When, as here, the trial court does not make findings of fact and conclusions of law, we view the evidence in the light most favorable to the trial court's ruling and assume the court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

The Fourth Amendment protects individuals from unreasonable searches and seizures. *See* U.S. CONST. amend. IV; *Mincey v. Arizona*, 437 U.S. 385, 390 (1978); *Luna v. State*, 268 S.W.3d 594, 603 (Tex. Crim. App. 2008). The emergency doctrine, which is an exception to the warrant requirement, permits warrantless police action where "the officer has an immediate, reasonable belief that he or she must act 'to protect or preserve life or avoid serious injury.'" *Laney v. State*, 117 S.W.3d 854, 861 (Tex. Crim. App. 2003) (quoting *Mincey*, 437 U.S. at 392). Long argues her motion to suppress should have been granted because the facts do not support any kind of finding that she or any other individual in the home was at risk of any kind of serious bodily injury, or that entry was required to preserve life.

However, in *State v. Iduarte*, the defendant was convicted of aggravated assault on a police officer because he pointed a gun at an officer after the officer unlawfully entered his

–4–

apartment. 268 S.W.3d 544, 547–48 (Tex. Crim. App. 2008). The defendant argued the officer's testimony about the assault should be excluded as fruit of the unlawful entry. *Id*. at 549. The court of criminal appeals disagreed, holding that if the defendant pointed a gun at the officer, "that act constituted an independent criminal offense committed after the complained-of entry, and the acquisition of evidence of the independent offense was not causally connected to the officer's allegedly illegal entry." *Id*. at 551. The court explained its reasoning as follows:

> The exclusionary rule was designed to protect individuals from the use at trial of evidence that was obtained in an unlawful manner. It does not, however, provide limitless protection to one who chooses to react illegally to an unlawful act by a state agent. If that were allowed, the genuine protection that the exclusionary rule provides would be undermined. Here, evidence of the charged offense did not exist before the officer's challenged actions because the charged offense had not yet occurred; the evidence showed a subsequent independent criminal act that was not causally connected to any unlawful entry by a state agent. Therefore, the exclusionary rule does not apply to this case.

*Id*. (citations and footnote omitted); *see also Gautreaux v. State*, No. 02–11–00514–CR, 02–11–00515–CR, 2013 WL 709070, at *3 (Tex. App.—Fort Worth Feb. 28, 2013, no pet.) (mem. op., not designated for publication) ("[T]he evidence concerning appellant's independent assaultive act could not be suppressed as a result of any illegal entry into his house."); *Smith v. State*, No. 01–12–00518–CR, 2013 WL 3877637, at *6 (Tex. App.—Houston [1st Dist.] July 25, 2013, pet. ref'd) (mem op., not designated for publication) ("Even if we were to accept appellant's argument that he was illegally arrested, we would nonetheless conclude that Officer Krietemeyer's conduct in making an illegal arrest would not require suppression of appellant's own subsequent illegal conduct in firing at the officer, the offense with which he is charged."); *Siaz v. State*, No. 03–10–00135–CR, 2011 WL 4424971, at *1–2 (Tex. App.—Austin Sept. 21, 2011, no pet.) (mem. op., not designated for publication) (even if officer lacked probable cause to arrest defendant for public intoxication, suppression was not required of evidence that defendant spat on officer because spitting comprised independent offense that was not causally

–5–

connected to officer's allegedly illegal act).

In this case, as in *Iduarte*, Long's action of pointing a gun at Officer Fernandez was an independent criminal action that occurred after the complained-of entry. Even if we accept Long's argument that the entry into her home was impermissible under the emergency doctrine (and we do not so conclude), "such a violation does not justify a subsequent assault." *Iduarte*, 268 S.W.3d at 551. "Evidence of the charged offense did not exist before the officer's challenged actions because the charged offense had not yet occurred," and Long's subsequent independent criminal act "was not causally connected to any unlawful [action] by a state agent." *See id*. Thus, the exclusionary rule was not applicable and the trial court did not err by denying the motion to suppress. We overrule Long's issue.

The trial court's judgment is affirmed.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151092F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PRISCILLA DIANE LONG, Appellant

No. 05-15-01092-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-80161-2012.
Opinion delivered by Justice Myers. Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of August, 2016.